UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANNIE T., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. 3:19-cv-05978 <br><br> ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff has brought this matter for judicial review of Defendant's denial of her applications for disability insurance ("DIB") and supplemental security income ("SSI") benefits.

The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the undersigned agrees that the ALJ erred, and the ALJ's decision is reversed and remanded for an award of benefits.

I. ISSUES FOR REVIEW

1. Should the Court remand this case for an award of benefits?

II. BACKGROUND

Plaintiff first filed applications for DIB and SSI on April 18, 2013, which were denied initially and upon reconsideration. AR 14, 169-72, 240-46, 247-52.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 1

Plaintiff filed new applications for DIB and SSI on June 18, 2013, alleging in both applications a disability onset date of July 31, 2011. AR 14, 253-54, 255-60. Plaintiff's applications were denied initially and upon reconsideration. AR 14, 174-82, 185-91. ALJ Kimberly Boyce held a hearing on August 16, 2016. AR 35-76, 1075-1117. On December 28, 2016, the ALJ issued a decision finding that Plaintiff was not disabled. AR 11-28, 963-80. On January 11, 2018, the Social Security Appeals Council denied Plaintiff's request for review. AR 1-6, 987-92.

On September 24, 2018, this Court issued an order reversing ALJ Boyce's decision and remanding this case for reconsideration of Plaintiff's fibromyalgia and the opinions of Robert Hurlow, M.D. and Gordon Hale, M.D. AR 993-1011. On November 9, 2018, the Appeals Council issued an order vacating the ALJ's decision and remanding the case for further proceedings. AR 1012-14.

On April 23, 2019, ALJ Boyce held a new hearing. AR 911-62. On June 25, 2019 ALJ Boyce issued a decision finding that Plaintiff was not disabled. AR 888-902.

Plaintiff seeks judicial review of the ALJ's June 25, 2019 decision. Dkt. 5.

### III.    STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

IV.    DISCUSSION

In this case, the ALJ found that Plaintiff had the severe, medically determinable impairments of fibromyalgia, scoliosis, degenerative disc disease, trochanteric bursitis, right foot drop, status post left foot surgery, carpal tunnel syndrome, hyperreflexia, depressive disorder, anxiety disorder, somatoform disorder, and opioid dependence. AR 894. The ALJ also found that Plaintiff had the non-severe impairment of blurred vision. *Id.*

Based on the limitations stemming from Plaintiff's impairments, the ALJ found that Plaintiff could performed a reduced range of light work. AR 896. Relying on vocational expert ("VE") testimony, the ALJ found that Plaintiff could not perform her past work, but could perform other light and sedentary unskilled jobs; therefore the ALJ determined at step five of the sequential evaluation that Plaintiff was not disabled. AR 900-02, 954-57.

A.    Whether this case should be remanded for an award of benefits

Plaintiff challenges the ALJ's evaluation of the medical opinion evidence and Plaintiff's testimony, and asks this Court to remand this case for an award of benefits. Dkt. 11, pp. 3-17. Defendant concedes that the ALJ's decision is not supported by substantial evidence, but argues that a remand for further proceedings is needed for the ALJ to reconsider the medical evidence and update the record. Dkt. 12, pp. 2-5.

"'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045

(9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668.

The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only where

> "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)). The Court is mindful that it has already remanded this case for further proceedings once, and simply providing another opportunity to assess improperly evaluated evidence, allowing the ALJ to have a "mulligan", does not qualify as a remand for a "useful purpose" under the first part of the credit as true analysis. *Garrison*, 759 F.3d at 1021-22, citing *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication.").

Here, both parties agree that the ALJ's decision is not supported by substantial evidence. The medical record establishes that Plaintiff's mental health problems went undiagnosed and untreated for much of the period at issue, her longstanding physical impairments worsened and were typically unreceptive to treatment, and that Plaintiff will be unable to have surgery to address her scoliosis until she is older. AR 400, 404, 417, 429, 464, 469, 471, 479, 516, 530, 534, 541, 544, 561, 564, 568, 574, 576, 578, 620,

634, 638, 655, 667, 681, 690, 697, 741, 773-74, 790, 793, 808, 1131-32, 1185, 1212, 1241, 1296, 1308, 1319.

Two treating physicians, Robert Hurlow, M.D. and Mara Saulitis, M.D., offered opinions concerning Plaintiff's physical limitations.

Dr. Hurlow offered an opinion regarding Plaintiff's functional capacity on September 5, 2014. AR 475-77. Dr. Hurlow opined that Plaintiff could sit for two hours and stand and/or walk for one hour in an eight hour day, would require an "at will" sit/stand option, and could not perform postural activities. AR 475. Dr. Hurlow further opined that Plaintiff would have a range of exertional and postural limitations, would require a ten minute rest period every hour, would need to lie down for two hours during the workday, and would miss work more than four days per month due to her impairments. AR 476-77.

Dr. Saulitis offered an opinion concerning Plaintiff's limitations on April 16, 2019. AR 1291. Dr. Saulitis opined that Plaintiff would have a range of exertional and postural limitations, would need complete freedom to rest throughout the day, would need an "at will" sit/stand opinion, and would be absent from work more than four days per month due to her impairments. *Id.*

If Plaintiff's testimony and the opinions of Dr. Hurlow and Dr. Saulitis were credited as true, the testimony of the vocational experts was clear that Plaintiff would not be able to perform her past work or any other work at step five of the sequential evaluation. AR 73-74, 960-61.

The Court considered the length of time Plaintiff has been waiting for a final disposition. *See Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Plaintiff filed her

applications for DIB and SSI in in 2013 and has been waiting nearly eight years for a final decision on her claims. AR 253-54, 255-60; *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (remanding a disability claim for further proceedings can delay much needed income for claimants who are unable to work and are entitled to benefits, often subjecting them to tremendous financial difficulties while awaiting the outcome of their appeals and proceedings on remand).

If Plaintiff's testimony (Plaintiff's credibility is enhanced by excellent work history) -- and the opinions of Dr. Hurlow and Dr. Saulitis -- were credited as true, the ALJ would be required to find Plaintiff disabled on remand. AR 73-74, 269, 960-61; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1041 (9th Cir. 2007) ("[W]e will not remand for further proceedings where, taking the claimant's testimony as true, the ALJ would clearly be required to award benefits."); 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) (An ALJ will consider evidence about an individual's prior work record when evaluating symptoms); *see also Archer v. Apfel*, 66 Fed.Appx. 121, 121 (9th Cir. 2003) (A good work history over an extended period enhances a Social Security claimant's credibility).

Accordingly, remand for an award of benefits is the appropriate remedy.

1

## CONCLUSION

2   Based on the foregoing discussion, the Court finds the ALJ erred when he found

3 Plaintiff was not disabled. Defendant's decision to deny benefits is therefore

4 REVERSED and this matter is REMANDED for an award of benefits.

Dated this 12th day of March, 2021.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge